UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 5:16-cv-01122-CAS(SPx) | Date | September 14, 2016 |
|---|---|---|---|
| Title | M. S. V. LAKE ELSINORE UNIFIED SCHOOL DISTRICT | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) - DEFENDANT'S MOTION TO TRANSFER VENUE (Dkt. 19, filed August 17, 2016)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of September 19, 2016, is vacated, and the matter is hereby taken under submission.

## I.     INTRODUCTION AND PROCEDURAL HISTORY

Plaintiff M.S. is a minor with autism, represented by a Guardian Ad Litem, Peggy Sartin. Defendant is the Lake Elsinore Unified School District. Plaintiff and defendant are located in Riverside, in the Eastern Division of the United States Court for the Central District of California ("Eastern Division").

In 2012, plaintiff filed a due process hearing complaint pursuant to the Individuals with Disabilities Education Improvement Act of 2004 ("IDEA"), 20 U.S.C. §1400 et seq., claiming a denial of a free and appropriate public school education from January 2011 to June 2013. Dkt. 19. In 2013, the Office of Administrative Hearings ("OAH") decided in favor of defendant and plaintiff appealed the 2013 OAH decision in the Eastern Division. Case No. 5:16-cv-01484, Dkt. 4. This Court heard plaintiff's 2013 appeal and decided in favor of plaintiff. Id. On April 22, 2016, defendant filed an appeal with the Ninth Circuit Court of Appeals, which is currently pending. Dkt. 16.

In 2015, plaintiff filed another due process hearing complaint pursuant to IDEA claiming a denial of a free and appropriate public school education between 2013 and 2015. Dkt. 19. On March 1, 2016, the OAH decided in favor of defendant. Id. On May 30, 2016, plaintiff filed an appeal of the 2016 OAH decision in the Eastern Division.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 5:16-cv-01122-CAS(SPx) | Date | September 14, 2016 |
|---|---|---|---|
| Title | M. S. V. LAKE ELSINORE UNIFIED SCHOOL DISTRICT | | |

Dkt. 1. On June 6, 2016, the appeal was assigned to be heard in the Western Division of the United States Court for the Central District of California ("Western Division"), before this Court on September 19, 2016. Dkt. 6.

On August 9, 2016, in the present case, defendant filed an objection to plaintiff's anticipated Notice of Related Cases. Dkt. 16. On August 12, 2016, plaintiff filed a Notice of Related Cases pursuant to Local Rule 83-1.3, contending that this case is related to plaintiff's 2013 case. Dkt. 17.

On August 17, 2016, defendant filed a motion to transfer this case from the Western Division to the Eastern Division. Dkt. 19. On August 29, 2016, plaintiff filed her opposition. Dkt. 21. On September 2, 2016, defendant filed its reply. Dkt. 22.

## II.   LEGAL STANDARD

### A.   Transfer of Venue

"For [1] the convenience of parties and [2] witnesses, [and] [3] in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

The party seeking to transfer venue bears the burden of showing that convenience and justice require transfer. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 278-279 (9th Cir. 1979); Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986) ("The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum."). The decision to transfer lies within the sound discretion of the trial judge. See Sparling v. Hoffman Constr. Co., 864 F.2d 635, 639 (9th Cir. 1988).

In analyzing the "interests of justice," a number of factors are relevant, including the following: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 5:16-cv-01122-CAS(SPx) | Date | September 14, 2016 |
|---|---|---|---|
| Title | M. S. V. LAKE ELSINORE UNIFIED SCHOOL DISTRICT | | |

attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29-30 (1988); Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000) (same). Other factors that may be considered are: the enforceability of the judgment; the relative court congestion in the two forums; and which forum would better serve judicial economy. 17 Moore's Federal Practice § 111.13[1][c] (3d ed. 1997). However, "[s]ubstantial weight is accorded to the plaintiff's choice of forum, and a court should not order a transfer unless the 'convenience' and 'justice' factors set forth above weigh heavily in favor of venue elsewhere." Catch Curve, Inc. v. Venali, Inc., 2006 U.S. Dist. LEXIS 96379, *3-4 (C.D. Cal. 2006).

    **B.**     **Central District of California General Order 14-03**

General Order 14-03 prescribes the procedure for assigning and reassigning cases and duties to the district judges of the Central District of California. Civil cases in which 50% or more of the plaintiffs or 50% or more of the defendants reside in the Eastern Division are assigned to the Eastern Division. General Order No. 14-03 § I.B.1.a(1)(c). However, a case that originates in the Eastern Division may be randomly assigned to the Western Division "in order to balance the number of cases assigned to judicial officers, maximize judicial resources, and ensure the timely handling of case." Id. § I.B.1.a(2). Unless otherwise specified, cases are randomly assigned to district judges. Id. § I.B.

**III.**     **DISCUSSION**

Defendant contends that plaintiff engaged in forum shopping. Dkt. 19. In fact, plaintiff correctly filed her appeal of the 2016 OAH decision in the Eastern Division because all of the parties reside in the Eastern Division. Dkt. 1; see General Order No. 14-03 § I.B.1.a(1)(c).

Defendant further contends that General Order 14-03 requires this case to be assigned to the Eastern Division. Dkt. 19, 22. However, Section I.B.1.a(2) of the General Order states that cases that originate in the Eastern Division may be transferred to the Western Division to balance the number of cases assigned to judicial officers, maximize judicial resources, and ensure the timely handling of case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 5:16-cv-01122-CAS(SPx) | Date | September 14, 2016 |
|---|---|---|---|
| Title | M. S. V. LAKE ELSINORE UNIFIED SCHOOL DISTRICT | | |

Defendant argues that transfer of venue is proper because plaintiff did not timely file her Notice of Related Cases and because this case is not related to plaintiff's 2013 case. Dkt. 22. However, the assignment of the current case was not based on a Notice of Related Cases, since plaintiff did not file such a notice until two months after the case was assigned to this Court. See Dkt. 21; Dkt. 16.

Defendant also argues that the Eastern Division will best serve the convenience of the parties because both plaintiff and defendant are located in Riverside. Dkt. 19. However, there are no parties or non-party witnesses that are outside this Court's subpoena power because Riverside is within 100 miles of this Court. Fed. R. Civ. P. 45(c)(1)(a); see also Ezimie v. Ward Intern. Trading, Inc., 2009 WL 2818394, *10 (C.D. Cal. 2009). The other transfer factors do not apply, or, at best, are neutral.

Based on the foregoing, this Court finds that defendant has not made a sufficient showing of inconvenience that warrants a transfer of venue to the Eastern Division.

## VI. CONCLUSION

Defendant's motion to transfer venue is **DENIED**.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |